NOT DESIGNATED FOR PUBLICATION

Nos. 121,163
121,164
121,165

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE ANDREW DREILING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed February 28, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Kyle Andrew Dreiling pleaded no contest in a global plea agreement to aggravated burglary, criminal possession of a firearm, nonresidential burglary, burglary of a motor vehicle, and theft in three separate criminal cases. For each conviction, the district court sentenced Dreiling to a term of imprisonment but granted 36 months' probation on each count to run concurrently. The district court subsequently revoked Dreiling's probation and imposed his underlying prison sentences. Dreiling now appeals, arguing the district court erred in revoking his probation. We granted Dreiling's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S

1

Ct. R. 47). The State concurred with Dreiling's motion for summary disposition. The district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2015, Dreiling pleaded no contest to (1) aggravated burglary in 14CR409; (2) criminal possession of a firearm in 14CR410; and (3) nonresidential burglary, burglary of a motor vehicle, and theft in 14CR416. The district court accepted Dreiling's plea and found him guilty on each count. The district court sentenced Dreiling to 51 months' imprisonment for aggravated burglary, 13 months' imprisonment for criminal possession of a firearm, 29 months' imprisonment for nonresidential burglary, 7 months' imprisonment for burglary of a motor vehicle, and 7 months' imprisonment for theft. The district court ran each count consecutively. The district court granted 36 months' probation for each count with each running concurrently.

On March 20, 2019, Dreiling stipulated to multiple violations of his probation. Dreiling had already been ordered to serve two quick dips and an eight-day weekends-only jail sentence. The district court revoked Dreiling's probation and imposed his underlying prison sentences based on Dreiling's multiple technical violations of the conditions of his probation and the convictions in five new criminal cases.

Dreiling timely appeals.

THE DISTRICT COURT DID NOT ABUSE ITS
DISCRETION IN REVOKING DREILING'S PROBATION

Once a probation violation is established, the disposition of the case lies within the sound discretion of the district court, as long as that discretion falls within the boundaries of K.S.A. 2018 Supp. 22-3716. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action is: (1) an action that no reasonable

person would take; (2) based on an error of law; or (3) based on an error of fact. *State v. Stovall*, 298 Kan. 362, 370, 312 P.3d 1271 (2013). The defendant bears the burden of establishing an abuse of discretion. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

A district court possesses limited authority to revoke probation and must enforce intermediate sanctions before imposing the defendant's underlying sentence, unless the district court finds a statutory exception exists that would permit it to bypass intermediate sanctions. *State v. Dooley*, 308 Kan. 641, 646, 423 P.3d 469 (2018). A district court may impose an offender's underlying prison sentence without first imposing intermediate sanctions if the offender commits a new felony or misdemeanor while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

Dreiling pleaded guilty in five new criminal cases while on probation in the three cases at issue here. At his probation violation hearing, Dreiling stipulated to several violations of his probation conditions and to committing the crimes alleged in the five new cases. The district court revoked Dreiling's probation because of the "numerous technical violations as well as five new convictions." The district court acted well within its discretion to revoke Dreiling's probation and impose his underlying prison sentence after he pleaded guilty to new crimes in five different cases.

Affirmed.